UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC, a Washington Limited Liability Company; KENNETH EVANS; JOHN WAYNE JONES; and JAMIE JONES, individual residents of Washington State,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANDRA D. EVANS, an individual, not a resident of Washington State; and DAN GARGAN, a citizen of Arizona,<br><br>    Defendants. | NO. CV-07-314-EFS<br><br>**ORDER DENYING DEFENDANT GARGAN'S MOTION TO DISMISS, GRANTING AND DENYING IN PART DEFENDANT GARGAN'S MOTION TO STRIKE EXPERT WITNESSES, AND GRANTING AND DENYING IN PART DEFENDANT GARGAN'S MOTION TO STRIKE UNDISCLOSED DAMAGE COMPUTATIONS** |

BEFORE THE COURT, without oral argument, are Defendant Dan Gargan's Motion to Dismiss For Failure to State a Claim Pursuant to Rule 12(b)(6)(Ct. Rec. 39), Motion to Strike Plaintiffs' Experts for Failure to Disclose Reports (Ct. Rec. 43), and Motion to Strike Undisclosed Damage Computations and Evidence (Ct. Rec. 46). The Court has reviewed the motions and submitted materials and is fully informed. The Court denies Defendant Gargan's motion to dismiss, grants and denies in part his motion to strike expert witnesses, and grants and denies in part his motion to strike undisclosed damage computations and witnesses. The reasons for the Court's Order are set forth below.

ORDER ~ 1

# I. Background

Plaintiffs entered into a Settlement and Release Agreement (the "Settlement Agreement") with Defendant Sandra D. Evans on or about September 2, 2005. Plaintiffs allege that Defendant Evans breached the Settlement Agreement by failing to deliver to Plaintiffs any of the funds required by Section IV.H.3. and by failing to pay Plaintiffs the excess distribution she received from the Bureau of Indian Affairs IIM account of her deceased husband, William Wapato Evans. Plaintiffs further allege that Defendant Gargan, as Defendant Evans' financial advisor, tortiously interfered with Plaintiffs' reasonable contractual expectations by advising Defendant Evans in connection with the alleged breaches of the Settlement Agreement. Plaintiffs seek damages caused by Defendant Evans' alleged breaches and Defendant Gargan's alleged tortious interference, a declaratory judgment and the specific performance of Defendant Evans' duties under the Settlement Agreement, and an injunction prohibiting Defendants from interfering with the payments due Plaintiffs.

Defendant Gargan asserts that Plaintiffs' Complaint pleads insufficient facts to establish allegations of improper purpose necessary to establish tortious interference.

# II. Discussion

**A. Motion to Dismiss**

Defendant Gargan moves to dismiss the tortious interference claim because the Complaint pleads insufficient facts to suggest any plausible basis for the element of improper purpose.[1] (Ct. Rec. 41.) Plaintiffs

---

[1] Because Defendant Gargan sought dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court will not

respond that the Complaint adequately states a claim against Defendant Gargan for tortious interference, but seek the opportunity to amend if Complaint is insufficient. (Ct. Rec. 52.)

### 1. Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and must accept all material allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). A complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief; but this showing requires more than a recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence that will satisfy the claim. *Id.*

In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). If the court finds that the complaint is

---

treat this motion as a request for summary judgment. Therefore, the Court only considers matters contained in the pleadings.

ORDER * 3

insufficient as pled, the court should provide plaintiff with an opportunity to amend the complaint unless the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

### 2. Analysis

In order to prove tortious interference, Plaintiffs must prove the following elements:

> (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of and intentional interference with that relationship or expectancy; (3) a breach or termination of that relationship or expectancy induced or caused by the interference; (4) an improper purpose or the use of improper means by the defendant that caused the interference; and (5) resultant damage.

*Eugster v. City of Spokane,* 121 Wn. App. 799, 811 (2004).

The Complaint addresses each of the five tortious interference elements. (Ct. Rec. 1.) The Settlement Agreement, as suggested in paragraphs 11-15 of the Complaint, created a valid contractual relationship. Paragraphs 26 and 27 assert that Defendant Gargan, as Defendant Evans' financial advisor, "suggested, advised, aided and/or abetted" in her breaches of the Settlement Agreement described in paragraphs 17, 18, and 19. Paragraph 28 characterizes these actions as a tortious interference with Plaintiffs' contractual expectancies. These assertions establish Defendant Gargan's knowledge of and intentional interference with the Settlement Agreement and that Defendant Evans' alleged breaches were induced by Defendant Gargan's alleged tortious interference. While Plaintiffs' factual allegations relating to

ORDER * 4

Defendant Gargan's interference with Defendant Evans' obligations under the contract are brief, Rule 8(a)(2) requires only that the plaintiff give a short and plain statement of the claim and its basis. FED. R. CIV. P. 8(a)(2).

The fourth element is addressed in paragraph 29, which suggests that Defendant Gargan's alleged actions were performed for an improper purpose. Although specific facts were not pled to identify Defendant Gargan's alleged improper purpose, it is a reasonable inference from the facts relating to Defendant Evans' alleged breaches of the Settlement Agreement that Mr. Gargan, as a financial advisor, engaged in this alleged conduct to profit to the detriment of Plaintiffs. Finally, paragraph 30 asserts that Defendant Gargan's alleged actions, along with Defendant Evans' alleged breaches, damaged Plaintiffs. After construing the Complaint in the light most favorable to Plaintiffs and accepting all material allegations, the Court concludes that the Complaint states a claim against Defendant Gargan for tortious interference with the Plaintiffs' contractual expectancies.

### 3. Conclusion.

Taking into account the Complaint's allegation that Defendant Evans breached the Settlement Agreement and Defendant Gargan's involvement in those breaches, the Court concludes that the facts outlined in Plaintiffs' Complaint plausibly show that Plaintiffs are entitled to relief. Accordingly, Defendant Gargan's Motion to Dismiss is denied.

## B. Motion to Strike Expert Witnesses

Defendant Gargan argues that Plaintiffs' Disclosure of Preliminary Expert Witnesses fails to comply with the Court's Scheduling Order and

ORDER * 5

Federal Rule of Civil Procedure 26(a)(2). (Ct. Rec. 45.) Plaintiffs respond that the nondisclosure was substantially justified and Defendant Gargan improperly failed to attempt to meet and confer before filing the motion. (Ct. Rec. 51.)

Federal Rule of Civil Procedure 37 excludes evidence from an untimely disclosed witness unless the failure to disclose is substantially justified or harmless. FED. R. CIV. P. 37(c)(1). As indicated in the Scheduling Order (Ct. Rec. 27), failure to identify expert witnesses and provide timely reports as required under Rule 26 may result in exclusion of expert testimony. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005). But, upon a showing of good cause, the court may modify the scheduling order. FED. R. CIV. P. 16(b).

The Scheduling Order required Plaintiffs to identify expert witness(es) and serve the written report(s) under Rule 26(a)(2)(B) to Defendants no later than May 13, 2008. (Ct. Rec. 27.) The written report was to include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi).

On the May 13, 2008, deadline, Plaintiffs filed a brief disclosure identifying Jeffrey Neher, John McKay, and Brill Lee as expert witnesses. (Ct. Rec. 37.) Rather than discuss the insufficiency of this disclosure with Plaintiffs, Defendant Gargan filed this motion three days later,

ORDER * 6

asserting that Plaintiffs' inadequate disclosure prejudices him because he is unable to determine what experts he needs to identify. (Ct. Recs. 43 and 57.)

The Court finds that Plaintiffs' Preliminary Disclosure of Expert Witnesses clearly failed to comply with the letter and spirit of Rule 26(a)(2)(B)(i)-(vi) and the Court's Scheduling Order. Plaintiffs identified the experts and their respective areas of expertise but did not identify the data or other information considered by the witness in forming their opinions, nor did it identify the witnesses' qualifications, cases in which the witnesses testified at trial, or compensation required for the testimony. (Ct. Rec. 37.) Furthermore, it failed to comply with the Scheduling Order's requirement of identifying available deposition dates. Finally, upon discovering that they needed relief, Plaintiffs failed to seek an extension of the May 13, 2008, deadline.

Notwithstanding these significant failures, the Court finds that an extension of the Rule 26(a)(2)(B) disclosures is appropriate because Plaintiffs demonstrated justification for their failure to meet the disclosure deadline. The need for experts in the areas of finances, legal ethics, and Native American heritage did not fully come to light until Defendant Gargan's deposition was taken two court days before Plaintiffs' expert reports deadline. Under these circumstances, the Court will allow Plaintiffs until **June 13, 2008**[2], to disclose expert reports for Jeffrey Neher, John McKay, and Brill Lee that fully comply with the letter and

---

[2] An extension to June 13, 2008, gives Plaintiffs approximately thirty (30) days to complete the reports since taking Defendant Gargan's deposition.

ORDER * 7

spirit of Rule 26(a)(2)(B) and the Scheduling Order.  The Court will not permit Plaintiffs to identify additional experts.  If Plaintiffs do not wish to provide compliant report(s) by this deadline, Plaintiffs shall notify the Court and opposing counsel that they are withdrawing the identified expert(s).  The Court extends the disclosure deadline for Defendants and rebuttal experts as set forth below.

Accordingly, Defendant's Motion to Strike the Plaintiffs' Experts for Failure to Disclose Reports is granted (limit on experts) and denied in part (Plaintiffs' deadline for expert reports is extended).

**3. Motion to Strike Undisclosed Damage Computations and Evidence.**

Defendant Gargan seeks exclusion of Plaintiffs' currently undisclosed damage computations and evidence for failure to comply with Rule 26(a)(1) and the Court's Scheduling Order.  Plaintiffs maintain that their initial disclosures included a sufficient computation of damages. (Ct. Rec. 49.) After reviewing the response and reply, the only remaining issue is whether Plaintiffs' computation of Fourth Tier consequential damages is sufficient under Rule 26(a)(1)(A)(iii).

Rule 26(a)(1) requires the disclosing party to make available a computation of each category of damages and any supporting documents or evidentiary material to the opposing party, absent a showing that a protective order is necessary.  FED. R. CIV. P. 26(a)(1)(A)(iii).  Unless the nondisclosure is substantially justified or harmless, Rule 37 bars information that was required to be disclosed.  FED. R. CIV. P. 37(c)(1).

Plaintiffs' Initial Disclosures FRCP 26 (Ct. Rec. 50) was dated April 15, 2008, four days after the Court's April 11, 2008, deadline. (Ct. Rec. 27.)  Plaintiffs' Fourth Tier of Damages claims consequential damages in

ORDER * 8

excess of $10,000,000.  Plaintiffs do not provide any computation or supporting documents relating to these claimed damages and have not sought a protective order.  They simply allege that they have suffered over $10,000,000 in consequential damages as a result of Defendant Evans' failure to provide development funds as required by the Settlement Agreement.  (Ct. Rec. 50.)  Plaintiffs further maintain that a precise computation of Tier Four Damages is impossible because damages are ongoing and contingent upon other parties.  (Ct. Rec. 49.)

The Court finds that Plaintiffs' consequential damages computation fails to comply with Rule 26(a)(1)(A)(iii).  However, the Court provides Plaintiffs with an opportunity to amend the Tier Four damages only until **June 13, 2008.**  The Court finds that Plaintiffs' untimely and insufficient Tier Four damage computation harmless because the Court extended Defendant Gargan's expert disclosure deadline.  (Ct. Rec. 43.)  Defendants were on notice that a financial expert may be necessary because Plaintiffs identified Mr. Neher, a financial expert, to testify concerning banking, accounting, and financial aspects.  (Ct. Rec. 37.)  Although Defendants were not advised of Mr. Neher's exact opinions regarding the Tier Four damages, they had sufficient time to select a financial expert to address anticipated testimony.

Accordingly, Defendant Gargan's Motion to Strike Undisclosed Damage Computations and Evidence is granted (undisclosed damage computations and evidence is excluded) and denied (Plaintiffs must provide the computation and supporting documents for their $10,000,000 consequential damages claim by June 13, 2008).

### III. Conclusion

ORDER * 9

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Gargan's Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) **(Ct. Rec. 39)** is **DENIED.**

2. Defendant Gargan's Motion to Strike the Plaintiffs' Experts for Failure to Disclose Reports **(Ct. Rec. 43)** is **GRANTED** (additional experts may not be identified) **and DENIED IN PART** (Plaintiffs' deadline for expert reports is extended). Plaintiffs shall serve their identified experts Rule 26(a)(2) reports on Defendants no later than **June 13, 2008.** Defendants shall identify their experts and serve those experts' Rule 26(a)(2) reports on Plaintiffs no later than **June 27, 2008.** Finally, Plaintiffs shall identify their rebuttal experts and serve those experts' Rule 26(a)(2) reports on Defendants no later than **July 7, 2008.** Counsel are reminded of their obligation to file a Notice with the Court indicating their compliance with the Scheduling Order's Rule 26(a)(2) requirements.

3. Defendant Gargan's Motion to Strike Undisclosed Damage Computations and Evidence **(Ct. Rec. 46)** is **GRANTED** (undisclosed damage computations and evidence is excluded) **and DENIED IN PART** (Plaintiffs must provide the computation and supporting documents for their $10,000,000 consequential damages claim by June 13, 2008).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 11th day of June 2008.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2007\0314.dismiss.strike.wpd

ORDER * 10