UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAPATO HERITAGE, LLC, a
Washington Limited Liability
Company; KENNETH EVANS; JOHN
WAYNE JONES; and JAMIE JONES,
individual residents of
Washington State,

          Plaintiffs,

      v.

SANDRA D. EVANS, an
individual, not a resident of
Washington State; and DAN
GARGAN, a citizen of Arizona,

          Defendants.

NO. CV-07-314-EFS

**ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIM
FRCP 12(b)(6)**

BEFORE THE COURT, without oral argument, is Plaintiffs' Motion to Dismiss Defendant's Counterclaim FRCP 12(b)(6). (Ct. Rec. 87.) Defendant Dan Gargan filed an opposition. After reviewing the submitted material and relevant authority, the Court is fully informed and grants Plaintiffs' motion. The reasons for Court's Order are set forth below.

**I. Background**

Plaintiffs entered into a Settlement and Release Agreement ("Settlement Agreement") with Defendant Sandra D. Evans on or about September 2, 2005. On October 15, 2007, Plaintiffs filed a complaint alleging that Defendant Evans breached the Settlement Agreement by

ORDER * 1

failing to (1) deliver to Plaintiffs the funds required by Section IV.H.3, and (2) pay Plaintiffs the excess distribution she received from the Bureau of Indian Affairs IIM account of her deceased father, William Wapato Evans. (Ct. Rec. 1 at 8.) Plaintiffs further allege that Defendant Gargan, as Defendant Evans' financial advisor, tortiously interfered with Plaintiffs' reasonable contractual expectations by advising Defendant Evans in connection with the alleged breaches of the Settlement Agreement. *Id.* at 9.

On May 16, 2008, Defendant Gargan filed an answer to Plaintiffs' claims along with a counterclaim alleging that Plaintiffs' claims were brought without adequate justification or reasonable investigation in violation of Federal Rule of Civil Procedure 11. (Ct. Rec. 42.) Defendant[1] seeks reasonable attorneys fees and expenses for this alleged Rule 11 violation, and asks the Court to impose sanctions to discourage Plaintiffs, and Plaintiffs' counsel, from engaging in similar future conduct. *Id.* at 8.

## II. Discussion

**A. Motion to Dismiss**

Plaintiffs seek to dismiss Defendant's counterclaim because a Rule 11 request must be raised by separate motion - not in a counterclaim. (Ct. Rec. 88 at 3.) Defendant asserts that the counterclaim is properly stated; however, he alternatively seeks Court permission to amend the counterclaim. (Ct. Rec. 104 at 2-4.)

---

[1] For ease of reference, Defendant Gargan will be referred to simply as "Defendant" for the remainder of the Order.

ORDER * 2

A motion to dismiss under Rule 12(b)(6) tests the pleadings' legal sufficiency. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). Dismissal is proper where there is no cognizable legal theory. *Id.*

Defendant's Rule 11 counterclaim is procedurally improper for two (2) reasons. First, Defendant moved for sanctions in his counterclaim, which Rule 11 forbids. *See* Fed. R. Civ. P. 11(c)(2) ("a motion for sanctions must be made separately from any other motion"); *see also Lenoir v. Tannehill*, 660 F. Supp. 42, 44 (S.D. Miss. 1986) (finding that Rule 11 sanction requests cannot be raised via counterclaim). Second, Defendant filed his sanctions request without providing notice to opposing counsel, violating Rule 11's twenty-one-day safe-harbor period. *See* Fed. R. Civ. P. 11(c)(2) (requiring moving party to provide notice and allow twenty-one days before filing to provide opposing counsel an opportunity to correct or withdraw the challenged claims). Because Defendant's request is procedurally improper on two (2) separate grounds, the Court grants Plaintiffs' motion and dismisses Defendant's Rule 11 counterclaim.

Defendant also requests permission to amend his counterclaim to include a malicious prosecution claim. (Ct. Rec. 104 at 2.) The Court denies Defendant's alternative request because it was raised in a responsive pleading, not a motion. The Court directs Defendant to Local Rule 7.1, which requires all motions outside of hearing or trial to be made in writing and accompanied by a memorandum in support of the motion and a notice of hearing. LR 7.1. Defendant is free to file a future motion seeking the relief requested.

//

ORDER * 3

1

### III. Conclusion

2

Accordingly, **IT IS HEREBY ORDERED**: Plaintiffs' Motion to Dismiss

3

Defendant's Counterclaim FRCP 12(b)(6) **(Ct. Rec. 87)** is **GRANTED.**

4

Defendant's Rule 11 counterclaim (Ct. Rec. 42) is **DISMISSED WITHOUT**

5

**PREJUDICE.**

6

**IT IS SO ORDERED.**  The District Court Executive is directed to enter

7

this Order and provide copies to counsel.

8

**DATED** this ___29^TH___ day of August 2008.

9

10

11

S/ Edward F. Shea

12

_____
EDWARD F. SHEA

13

United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

Q:\LawClerk\Externs\2008\Kevin\Civil\2007\Motions to Dismiss\0314.Ord. Dis. Counterclaim.wpd

26

ORDER * 4