UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC, a Washington Limited Liability Company; KENNETH EVANS; JOHN WAYNE JONES; and JAMIE JONES, individual residents of Washington State,<br><br>Plaintiffs,<br><br>v.<br><br>SANDRA D. EVANS, an individual, not a resident of Washington State; and DAN GARGAN, a citizen of Arizona,<br><br>Defendants. | NO. CV-07-314-EFS<br><br>**ORDER ON DISCOVERY MOTIONS** |

BEFORE THE COURT, without oral argument, are Defendant Dan Gargan's Motions to Strike Plaintiffs' Objection and Compel Response to: (1) Interrogatory No. 1 (Ct. Rec. 68); (2) Interrogatory Nos. 2, 5, 8, 9, 10, and 14 (Ct. Rec. 71); (3) Request for Production Nos. 1, 3 through 9, and to Strike Plaintiffs' Reliance on FRCP 33(c) in Response to Interrogatory Nos. 4 and 6 (Ct. Rec. 74); and (4) Interrogatory Nos. 11, 12. (Ct. Rec. 77). Also before the Court are Plaintiffs' Motion to Compel Discovery (Ct. Rec. 81) and Ms. Buckholtz' Motion for Protective Order of Non-Party Witness (Ct. Rec. 103).

ORDER ~ 1

The Court has reviewed the motions and submitted materials and is fully informed. The Court grants Plaintiffs' Motion to Compel Discovery and Ms. Buckholtz's Motion for Protective Order of Non-Party Witness. The Court grants in part and denies in part Defendant Gargan's Motions to Strike Plaintiff's Objections and Compel Response to (1) Interrogatory No. 1; (2) Interrogatory Nos. 2, 5, 8, 9, 10, and 14; (3) Request for Production Nos. 1, 3 through 9, and to Strike Plaintiffs' Reliance on FRCP 33(c) in Response to Interrogatory Nos. 4 and 6; and (4) Interrogatory Nos. 11, 12. The reasons for the Court's Order are set forth below.

**I. Background**

Plaintiffs entered into a Settlement and Release Agreement ("Settlement Agreement") with Defendant Sandra D. Evans on or about September 2, 2005. Plaintiffs allege that Defendant Evans breached the Settlement Agreement by failing to (1) deliver to Plaintiffs the funds required by Section IV.H.3, and (2) pay Plaintiffs the excess distribution she received from the Bureau of Indian Affairs IIM account of her deceased father, William Wapato Evans. (Ct. Rec. 1 at 8.) Plaintiffs further allege that Defendant Gargan, as Defendant Evans' financial advisor, tortiously interfered with Plaintiffs' reasonable contractual expectations by advising Defendant Evans in connection with the alleged breaches of the Settlement Agreement. *Id.* at 9.

On June 25, 2008, the parties filed five motions to compel discovery, four filed by Defendant Gargan[1], and one filed by Plaintiffs,

---

[1] For ease of reference, Defendant Gargan will be referred to simply as "Defendant" for the remainder of the Order.

ORDER * 2

Wapato Heritage, LLC. (Ct. Recs. 68, 71, 74, 77, 81.) Both parties assert that the other improperly maintained objections, failed to answer interrogatories, and failed to respond to requests for production. Further, non-party deponent Shelley Buckholtz moves this Court for a Protective Order of Non-Party Witness in relation to discovery costs associated with producing subpoenaed documents. (Ct. Rec. 103.)

## II. Discussion

### A. Standard

A district court has wide discretion in controlling discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Moreover, pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). A party may object to an interrogatory, but the grounds for objection must be stated with specificity. FED. R. CIV. P. 33(b)(4). The burden is on the objecting party to show why an interrogatory is improper. *Id.*

Absent a valid objection, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This broad discovery right is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).

Rule 37(a) governs the failure to cooperate in discovery. After a good faith attempt to confer with the non-disclosing party, a party may move for an order compelling an answer or production. A motion to compel

ORDER \* 3

is appropriate where a deponent fails to answer a question asked under Rules 30 or 31, or a party fails to answer an interrogatory submitted under Rule 33.  FED. R. CIV. P. 37(a)(1).

Here, Rule 37(a)(1)'s prerequisite requirement is satisfied because the parties conferred on July 28, 2008, and did not resolve the disclosure objections.  (Ct. Rec. 80.)  On August 1, the parties submitted a joint statement pursuant to Rule 37.  The following issues were left unresolved.  (Ct. Rec. 124.)

**A.   Defendant's Motions to Strike Objection/Compel Response**

**1.   Interrogatory Nos. 1, 2, 5, 8, 9, 10, 14**

Defendant moves to strike Plaintiffs' objections and compel responses to Interrogatories 1, 2, 5, 8, 9, 10, and 14, which require Plaintiffs to identify and describe specific evidence supporting their claims.  Plaintiffs argue that compelling a response would be inequitable because Defendant refused to disclose related information in his deposition.  Notwithstanding their objections, Plaintiffs affirm that they have supplied a complete answer to each Interrogatory and provided all relevant documentation. (Ct. Recs. 93 at 3; 124 at 5, 7.)

Here, Plaintiffs' equity-based objections are improper for two (2) reasons. First, Interrogatories 1, 2, 5, 8, 9, 10, and 14 are directly related to Plaintiffs' claims.  Second, Plaintiffs have the right to compel withheld discovery.

Nevertheless, Plaintiffs affirm that all relevant documentation has been produced, notwithstanding their objections.  The Court, therefore, grants Defendant's Motion to Strike Plaintiffs' Objections to

ORDER * 4

Interrogatories 1, 2, 5, 8, 9, 10, and 14 and denies Defendant's Motion to Compel Discovery as moot.

**2.   Requests for Production Nos. 1, 3-9, Interrogatory Nos. 11, 12**

Defendant also asks the Court to strike Plaintiffs' objections and compel responses to Requests for Production Nos. 1, 3-9 and Interrogatory Nos. 11 and 12, which pertain to the drafting, negotiation, and meaning of the settlement agreement. (Ct. Rec. 75 at 4.)  Defendant asserts that the documents are relevant to the claimed breach of contract. Plaintiffs, however, argue that Defendant's only purpose for Requests for Production Nos. 1, 3-9 and Interrogatory Nos. 11 and 12 is to attempt an "impossible collateral attack" on the settlement agreement - making document production unnecessary. (Ct. Rec. 93 at 5.)  Plaintiffs again affirm that all relevant documentation has been produced. (Ct. Rec. 124 at 6, 8.)

Given the broad scope of discovery outlined above, the Court finds that Requests for Production Nos. 1, 3-9 and Interrogatory Nos. 11 and 12 are relevant to Plaintiffs' claims and reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' objection is based on mere conjecture and improperly forestalls discovery of relevant material.  Both parties, however, note that all relevant documentation has been produced through Ms. Buckholtz's subpoena. (Ct. Rec. 124 at 8.) The Court, therefore, grants Defendant's Motion to Strike Plaintiffs' Objections to Requests for Production Nos. 1, 3-9 and Interrogatory Nos. 11 and 12 and denies Defendant's motions to compel discovery as moot.
///
///

ORDER * 5

### 3. Striking Reliance on FRCP 33(c) in Interrogatory Nos 4,6.

Defendant also seeks to strike Plaintiff's reliance on Federal Rule of Civil Procedure 33(c) in response to Interrogatory Nos. 4 and 6. (Ct. Rec. 75 at 2.) Interrogatory Nos. 4 and 6 require Plaintiff to identify and describe specific documents supporting the elements of their claims. Plaintiffs have agreed to modify their reliance on Rule 33(c) and provide a spreadsheet identifying previously-produced documents responsive to Interrogatory Nos. 4 and 6. (Ct. Rec. 124 at 6-7.) Based on Plaintiff's affirmation, the Court finds that all discoverable information has been provided and denies Defendant's motion as moot.

## B. Plaintiff's Motions to Strike Objection/Compel Response

### 1. Reconvened Deposition

Plaintiffs ask the Court to order renewed deposition of Defendant Gargan because he previously withheld testimony on the basis of attorney/client privilege. (Ct. Rec. 82 at 2.) Specifically, Plaintiff asserts that Defendant refused to disclose the content and timing of e-mail, telephonic, or in-person communications with Sandra D. Evans, and further, failed to disclose the existence of a partnership with Ms. Evans in First Phoenix International, Inc. *Id.* Defendant responds that renewed deposition is unnecessary because he answered all questions asked of him and his communications with Ms. Evans are shielded from discovery by the attorney-client privilege. (Ct. Recs. 91 at 4; 72 at 3; 124 at 3.)

The oft-quoted attorney-client privilege standard is found in 8 Wigmore, Evidence § 2292:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently

ORDER * 6

protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

Although the attorney-client privilege may in some instances extend to communications to third parties providing assistance to an attorney, communications by a client to one who is not a lawyer are not protected unless the communication made in *confidence* for the purpose of obtaining *legal advice from the lawyer*. *State v. Aquino-Cervantes*, 88 Wn. App. 699, 708 (1997) (quoting *United States v. Kovel*, 296 F.2d 918, 922 (2nd Cir. 1961)) (emphasis in original). One claiming an attorney-client privilege has the burden of showing that the requested information comes within the privilege. *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981).

Here, Defendant failed to demonstrate that his communications with Ms. Evans were made in confidence or that they were for the purpose of obtaining legal advice from a lawyer. The fact that Defendant may be an employee of the Wynne Law Firm is insufficient to shield relevant communications and details of peripheral business relationships from discovery. The Court, therefore, finds that Defendant has failed to demonstrate a basis for asserting attorney-client privilege and allows Plaintiffs a 3-hour renewed deposition in Arizona, strictly limited to the topics outlined on page two (2) of Plaintiffs' Motion to Compel (Ct. Rec. 81).

**2.   Requests for Production Nos. 1, 2, 3 and Interrogatory No. 3**

Plaintiffs ask the Court to strike Defendant's objections and compel responses to Requests for Production Nos. 1, 2, 3 and Interrogatory No. 3, which ask Defendant to identify witnesses and provide all documentation that relates or pertains to his defenses. Plaintiffs assert that Defendant withheld numerous documents relating to his

ORDER * 7

defenses. (Ct. Rec. 82 at 6.) Defendant contends that complete responses were provided and that none of the documents identified by Plaintiffs "relate" to his defenses in this case. (Ct. Rec. 91 at 8.)

Defendant, however, reads Plaintiffs' requests to narrowly. The instructions to the discovery requests included a broad definition to the word "relate" to guide Defendant's interpretation. Under any interpretation, the documents listed by Plaintiffs are relevant to Defendant's good faith defense, and must be produced. The Court, accordingly, grants Plaintiffs' motion to strike Defendant's objection and compels discovery.

**B.   Ms. Buckholtz's Motion for Protective Order of Non-Party Witness**

Non-party attorney Shelley Buckholtz and her firm, Mikkelborg, Broz, Wells and Fryer, PLLC (Mikkelborg), ask the Court to determine which entity or entities are responsible for paying the costs associated with producing the documents subpoenaed by Defendant. (Ct. Rec. 108 at 4.) Prior to disclosure, defense counsel agreed to pay the responsive costs, estimated at $7,500. (Ct. Rec. 103-2 at 2.) Defendant argues, however, that Plaintiffs should reimburse Ms. Buckholtz because they improperly objected to requests for production and withheld materials from discovery, forcing Defendant to subpoena documents from Ms. Buckholtz. (Ct. Recs. 106 at 8;  124 at 8.)

Federal Rule of Civil Procedure 45(c)(1), requires the Court to protect persons subject to a subpoena duces tecum from undue burden or expense. This duty is at its apex where non-parties are subpoenaed. *United States v. Columbia Broadcasting Sys.*, 666 F.2d 364, 371-72 (9th Cir. 1982) (noting that non-parties are powerless to control the scope

ORDER ∗ 8

of discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party). Non-party status is also an important factor in determining whether to allocate discovery costs on the demanding or producing party. *Id.*

Here, neither Ms. Buckholtz or Mikkelborg are parties to the present case and the subpoena compliance costs, $9,975.80, are unreasonably burdensome. Buckholtz and Mikkelborg are, therefore, not required to pay their compliance costs. The Court finds Defendant, as the demanding party, responsible for Ms. Buckholtz and Mikkelborg's costs to date. The Court does not assign Plaintiffs any portion of subpoena costs. The Court is unable to determine, based on the present record, whether or not Plaintiffs improperly withheld materials ultimately subpoenaed from Ms. Buckholtz. Defendants are free to seek relief from this Order upon further showing of Plaintiffs' access and subsequent withholding of subpoenaed materials. Such relief must be raised by motion and supported by necessary affidavits, declarations, and/or exhibits according to Local Rule 7.1.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Gargan's Motion to Strike Plaintiff's Objection and Compel Response to Interrogatory No. 1 **(Ct. Rec. 68)** is **GRANTED** (strike objection) **AND DENIED AS MOOT** (compel) **IN PART.**

2. Defendant Gargan's Motion to Strike Plaintiff's Objection and Compel Response to Interrogatory Nos. 2, 5, 8, 9, 10, and 14 **GRANTED** (strike objection) **AND DENIED AS MOOT** (compel) **IN PART.**

3.  Defendant Gargan's Motion to Strike Plaintiff's Objection and Compel Response to Request for Production Nos. 1, 3 through 9, and to Strike Plaintiffs' Reliance on FRCP 33(c) in Response to Interrogatory Nos. 4 and 6 **(Ct. Rec. 74)** is **GRANTED** (strike objection) **AND DENIED AS MOOT** (compel) **IN PART.**

4.  Defendant Gargan's Motion to Strike Plaintiff's Objection and Compel Response to Interrogatory Nos. 11 and 12 **(Ct. Rec. 77)** is **GRANTED** (strike objection) **AND DENIED AS MOOT** (compel) **IN PART.**

5.  Plaintiffs' Motion to Compel Discovery **(Ct. Rec.81)** is **GRANTED**. Plaintiffs are allowed a 3-hour renewed deposition in Arizona, strictly limited to the topics outlined on page two (2) of Plaintiffs' Motion to Compel Discovery.

6.  Ms. Buckholtz's Motion for Protective Order of Non-Party Witness**(Ct. Rec. 103)** is **GRANTED** as to the costs of subpoena production, which are to be fully paid by Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___1st___ day of October 2008.

                              S/ Edward F. Shea
                                EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2007\0314. Ord. on Disc. Motions.wpd

ORDER * 10