UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC, a Washington Limited Liability Company; KENNETH EVANS; JOHN WAYNE JONES; and JAMIE JONES, individual residents of Washington State, | NO. CV-07-0314-EFS |
| Plaintiffs, | **ORDER GRANTING AND DENYING IN PART DISCOVERY MOTIONS AND GRANTING MS. WYNNE'S MOTION TO WITHDRAW** |
| v. | |
| SANDRA D. EVANS, an individual, not a resident of Washington State; and DAN GARGAN, a citizen of Arizona, | |
| Defendants. | |

A hearing occurred in the above-captioned matter on February 25, 2009.  Plaintiffs Wapato Heritage, LLC, Kenneth Evans, John Wayne Evans, and Jamie Jones were presented by Bruce Johnston and Michael Arch.  Defendant Dan Gargan was represented by Scott Henrie.  Defendant Sandra Evans was represented by Geana Van Dessel and Les Weatherhead.  Non-party Mary Wynne was present and represented by Donald Curran.  Before the Court were Plaintiffs' Motion for Deposit of Trust Funds, to Compel Discovery, Contempt, Supplementation of Initial Disclosures and Related Relief (Ct. Rec. 172); Defendant Evans' Motion for Protective Order (Ct. Rec. 178); Mary Wynne's Motion to Quash Subpoena Commanding the

ORDER * 1

1    Appearance for Deposition of Mary T. Wynne Pursuant to Fed. R. Civ. P.

2    45 (Ct. Rec. 182); Ms. Buckholtz's Motion for Protective Order of Non

3    Party Witness on Expedited Hearing (Ct. Rec. 206); and Mary Wynne's

4    Motion to Withdraw (Ct. Rec. 214).    After reviewing the submitted

5    material and relevant authority and hearing oral argument, the Court is

6    fully informed.  This Order supplements and memorializes the Court's oral

7    rulings.

8    **A.    Ms. Wynne's Motion to Withdraw**

9        Ms. Wynne seeks permission to withdraw as counsel for Ms. Evans.

10   Because Ms. Evans is represented by Mr. Weatherhead and Ms. Van Dessel

11   and agrees with the withdrawal request, the Court finds good cause to

12   grant Ms. Wynne leave to withdraw as counsel of record for Ms. Evans.

13   **B.    Ms. Buckholtz's Motion for Protective Order of Non-Party Witness on**

14   **Expedited Hearing**

15       Shelley Buckholtz, an attorney with Mikkelborg, Broz, Wells and

16   Fryer, PLLC, seeks a protective order 1) rescheduling her March 2, 2009

17   deposition set by Defendant Evans to March 19, 2009, and 2) limiting the

18   deposition to less than 3.5 hours.  Defendant Evans agrees to reset the

19   deposition to March 19, 2009 - so long as the Court agrees to extend the

20   current March 6, 2009 discovery deadline.  Defendant Evans, however, asks

21   the Court not to limit the deposition to a specific time length.

22       The Court finds continuing the March 2, 2009 deposition to March 19,

23   2009, is appropriate given Ms. Buckholtz' involvement in a four-week

24   bench trial until March 17, 2009.  The Court denies Ms. Buckholtz'

25   request to limit the deposition to 3.5 hours; however, the Court finds

26

ORDER * 2

a four-hour limitation appropriate.  Accordingly, Ms. Buckholtz' motion is granted and denied in part.

**C.    Plaintiffs' Motion for Deposit of Trust Funds, to Compel Discovery, Contempt, Supplementation of Initial Disclosures and Related Relief**

As the motion's title evinces, Plaintiffs seek a variety of relief through this motion.  Defendants Gargan and Evans largely oppose the motion.  For the reasons given below, the Court grants and denies in part Plaintiffs' motion.

### 1.    Deposit of Monies into Court Registory

Plaintiffs ask the Court to order Defendants to deposit money representing 35% of the MA-10 distributions thus far received by Defendant Evans into the Court's registry.  The Court concludes that Plaintiffs fails to establish any cognizable basis for doing so in this breach of settlement agreement case.  Accordingly, this request is denied.

### 2.    Bank Account Records

Plaintiffs ask the Court to order Defendants Evans and Gargan to provide Defendant Evans' bank account records for the time period from November 11, 2005, to date.  Defendants contend this request is overbroad because it includes Defendant Evans' personal financial documents.

Federal Rule of Civil Procedure 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject mater involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to

ORDER * 3

lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). Rule 26(b)(1) is interpreted broadly and is premised on the principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  It is the requesting party's burden to establish that the discovery is relevant.

The Court finds that financial records a) related to the disbursement and transfer of MA-10 proceeds ("MA-10 money flow") and b) reflecting compensation paid to Defendant Gargan and Ms. Wynne for providing services to Defendant Evans in connection with the Settlement and Release Agreement, MA-10 proceeds, or First Phoenix International are relevant and discoverable.  Yet, Defendant Evans may redact personal information, i.e., information that is not related to MA-10 proceeds or compensation - in any form - to Defendant Gargan or Mary Wynne.

Because Defendant Gargan has served as Defendant Evans' financial advisor and has online access to her financial accounts, he has the initial responsibility for obtaining relevant records within two (2) weeks.  *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd*, 171 F.R.D. 135, 147 (S.D.N.Y. 1997); *Mattie T. v. Johnston*, 74 F.R.D. 498, 502 (N.D. Miss. 1976) (holding that a subpoena may be served on the individual who has possession or access to the documents rather than the individual who owns the documents); *Couch v. United States*, 409 U.S. 322 (1973).  Defendant Gargan is to share these records with Defendant Evans, who must then supplement these records with any additional relevant financial records within two (2) weeks of this Order.  During this

process, Defendants are to work together to identify the personal information appropriate for redaction. If there is a dispute, Defendants shall either select disclosure or ask the Court for guidance. Two (2) additional weeks are allowed to complete the redaction process. Accordingly, within six (6) weeks of this Order, Plaintiffs are to be provided appropriately-redacted financial records 1) related to the disbursement and transfer of MA-10 proceeds and 2) reflecting compensation - in any form - paid to Defendant Gargan and Ms. Wynne by Defendant Evans in connection with the Settlement and Release Agreement, MA-10 proceeds, or First Phoenix International.

Defendants are reminded of their obligation under Federal Rule of Civil Procedure 26(e) to timely supplement initial disclosures. The Court strictly enforces Rule 26 obligations.

3.    Ms. Wynne's Disclosure Responsibilities

Plaintiffs ask the Court to order Ms. Wynne to produce all of the documents sought by the subpoena duces tecum. As set forth below in connection with Ms. Wynne's protective motion, the Court grants and denies in part this request. In short, within three (3) weeks of Defendants' above-described disclosure of appropriately-redacted financial documents, Ms. Wynne must produce not-previously-disclosed relevant documents. If Ms. Wynne withholds a document or communication on the basis of a privilege or protection, she abide by Federal Rule of Civil Procedure 26(b)(5).

4.    Sanctions

Plaintiffs ask the Court to impose sanctions on Defendants Gargan and Evans. The Court declines to do so at this time. However,

ORDER * 5

1  Plaintiffs are free to renew their request following the close of
2  discovery.

3        5.    <u>Discovery Master</u>

4        Plaintiffs ask the Court to appoint a discovery master under Rule
5  53, with the costs to be assessed against Defendants Gargan and Evans or
6  their respective counsel.  The Court declines to appoint a discovery
7  master, finding it more efficient and beneficial for the Court and
8  parties if it presides over discovery dispute issues.

9        6.    <u>Summary</u>

10       Plaintiffs' motion is granted and denied in part.  The Court grants
11  Plaintiffs' motion in part by requiring Defendants to produce
12  appropriately-redacted financial records within six weeks of this Order.
13  Two (2) weeks following this disclosure, Ms. Wynne is to produce any
14  supplemental financial records in her possession.  Plaintiffs' motion is
15  denied in part because Defendants need not deposit any money into the
16  Court's registry; the Court will not impose sanctions at this time; and
17  the Court will not appoint a discovery master.

18 **D.    Defendant Evans' Motion for Protective Order**

19       Defendant Evans asks the Court to prevent disclosure of, and
20  testimony on, documents requested by Plaintiffs in categories 2, 4, 5,
21  5a, and 7 of the subpoena duces tecum issued to Ms. Wynne on the grounds
22  that the documents are 1) irrelevant; 2) protected by the attorney-client
23  doctrine, work product privilege, or a personal privacy interest; and 3)
24  unduly burdensome to produce.  In the alternative, Defendant Evans asks
25  the Court to limit the scope of production to attorneys.  Plaintiffs
26  oppose the motion, contending that the requested documents are relevant,

ORDER * 6

and clarify that Plaintiffs are seeking each document from only one source - they do not care if it is produced by Defendant Gargan, Defendant Evans, or Ms. Wynne. The Court recognizes that the subpoena duces tecum was issued to Ms. Wynne; however, Plaintiffs seek this information from Defendants as well. Accordingly, the Court addresses below what information *Defendants* shall disclose.[1] For the reasons given below, the Court orders Defendants to provide many of the documents and communications requested by Plaintiffs.

As the Court noted above, Rule 26(b)(1) requires parties to disclose relevant matter. There are, however, limits imposed on this broad discovery right. Rule 26(b)(2)(C) limits discovery if it is unreasonably cumulative or duplicative; is obtainable from another source that is more convenient, less burdensome, or less expensive; if there had been ample opportunity to obtain information by discovery; or the burden outweighs the likely benefit. The Court applies these principles to each of the challenged subpoena duces tecum subsections.[2]

>    1.   <u>Subsection 2</u>: "for the same period of time [8/1/05 to present], communications (including electronic documents of any kind or nature whatever) to and from non-federal government employee persons or entity (including without limitation Mary Person, Shelley Buckholtz, Dan Gargan, Wells Fargo Bank (any office in the United States), any other bank (anywhere in the world, First Phoenix International, LLC, any non-bank financial institution, including without limitation brokers, money market funds, hedge funds, investment companies, real estate brokers, developers or companies, any retired former government employee, and Debbie Rosenbaum) which in any manner whatever,

---

[1]    In the following section, the Court discusses Ms. Wynne's disclosure responsibilities.

[2]    Because Defendant Evans did not challenge subsections 1, 3, or 6; Defendant Evans shall produce the requested documents and communications.

ORDER * 7

however attenuated, relate to or pertain to Sandra Evans, including without limitation to her Assignment of 35%, or any other amount, of the MA10 Lease proceeds pursuant to any Settlement Agreement between Ms. Evans and Plaintiffs (among others) or to any other aspect of the said Settlement Agreement, or to any business venture which to your knowledge involved Sandra Evans, her funds, or any contemplated business venture, whether or not coming to fruition, regarding which the involvement, financially or otherwise, of Sandra Evans was mentioned or discussed."

The Court finds that this request seeks relevant information; however, it is also overbroad. The Court modifies the request as follows:

Defendants shall disclose any communications (either written, oral, or electronic) from August 1, 2005, to the present, which relate to the Settlement and Release Agreement and/or MA-10 proceeds involving Defendant Evans, Defendant Gargan, and/or Ms. Wynne. In addition, Defendants shall disclose any communications (either written, oral, or electronic) from August 1, 2005, to the present, which relate to First Phoenix International or any other venture in which Defendant Evans is involved with either Defendant Gargan or Ms. Wynne.

This modified disclosure request is not unduly burdensome. Defendants[3] shall disclose these communications within four (4) weeks.

---

[3] When the Court refers to Defendants' duties to disclose in this motion, the Court is recognizing that only one (1) Defendant need produce a particular document or communication; duplicative disclosures should not be made. Defendants are to work together to ensure that disclosures are not duplicative.

ORDER * 8

1    If information is withheld on the grounds that it is privileged or

2 protected, the party must comply with Rule 26(b)(5)'s requirements.

3 Based on the current record, the Court understands that Ms. Wynne was not

4 Defendant Evans' attorney from sometime in 2006 until Ms. Wynne's

5 appearance in this action on September 30, 2008 (Ct. Rec. 158).

6          2.   Subsection 4: "For the same period of time [8/1/05 to the
               present], Articles of Incorporation, Certificate of Formation,
7              Bylaws, Minutes, Resolutions, loan documents, reports, business
               plans, investment suggestions or advice, whether formal or
8              informal, of any kind or nature whatever, which in any manner
               whatever, however attenuated, relate or pertain to First
9              Phoenix International, a South Dakota business entity,
               including any such documents which relate to the pre-formation
10             activities or events relating to the entity ultimately formed
               as First Phoenix International, or to any entity having a
11             similar name, currently or in the past."

12    Again, the Court finds that this request seeks relevant information;

13 but it is overbroad.  The Court modifies this request as follows:

14       Defendants  shall  disclose  First  Phoenix  International's

15       articles of incorporation, certificate of formation, bylaws,

16       minutes, resolutions, and business plans from August 1, 2005,

17       to the present.

18 Defendants shall disclose this information within four (4) weeks.

19          3.   Subsection 5:  "Any and all disclosure, waiver or other
               documents, which in any manner relate or pertain to, or
20             mention, any actual or potential conflict of interest between
               your interests and the interests of Sandra D. Evans."

21

22    By limiting this request to Washington Rule of Professional Conduct

23 1.8 information as clarified by Plaintiffs in their response, the Court

   finds this request seeks relevant information.  Subsection 5 as clarified

24 must be complied with within four (4) weeks.  If Defendant Evans claims

25 a privilege, she must comply with Rule 26(b)(5).

26

ORDER * 9

4.   Subsection 5a: "All monthly or other periodic statement of account, checks and/or cancelled checks or other account transactional documents or statements of any kind or nature, whether formal or informal, which in any manner whatever, relate or pertain to Sandra Evans, or any funds in which Sandra Evans had, or may have had, an interest, whether direct or indirect, at any financial institution, government entity, private entity, broker, broker dealer, investment company, of private borrower, or the like for the period 8/1/2005."

The Court finds Subsection 5a requests both relevant and irrelevant information.  This request is limited to the following, which must be produced within four (4) weeks of this Order:

All statements of account, checks and/or cancelled checks, and transactional documents relating to the Settlement and Release Agreement and MA-10 proceeds (deposits and transfers).

5.   Subsection 7:  "For the same period of time [8/1/05 to the present], any and all documents which in any manner whatever, relate or pertain to, or record or summarize, any communications by or between you, Sandra Evans, Dan Gargan or any person acting for any of them on the one hand, and Wright Wapato, Inc. its officers agents attorneys or employees on the other hand."

Again, this subsection seeks both relevant and irrelevant information.  The Court limits this request as follows:

Defendants are to disclose documents (written or electronic) and communications (written, oral, or electronic) that relate to the Settlement and Release Agreement or MA-10 proceeds, between August 1, 2005, to the present, by or between Defendant Evans, Defendant Gargan, or Ms. Wynne (or on their behalf) and Wright Wapato, Inc. (or on its behalf).

Defendants are to disclose this information within four (4) weeks.  If Defendant Evans asserts a protection or privilege, she must comply with Rule 26(b)(5).

ORDER * 10

6.    <u>Summary</u>

As set forth above, the Court grants and denies in part Defendant Evans' motion for a protective order.

**E.    Mary Wynne's Motion to Quash Subpoena Commanding the Appearance for Deposition of Mary T. Wynne Pursuant to Fed. R. Civ. P. 45**

Ms. Wynne asks the Court to quash Plaintiffs' subpoena duces tecum pursuant to Rule 45 because the subpoena 1) failed to allow a reasonable time to comply, 2) subjects Ms. Wynne to an undue burden, 3) requires disclosure of privileged materials, and 4) requires Ms. Wynne - who is neither a party nor a party's officer - to travel more than 100 miles from where she resides, is employed, or regularly transacts business in person.

Plaintiffs failed to comply with Rule 45's technical requirements - both the geographic and monetary requirements. Plaintiffs shall reissue a subpoena in compliance with Rule 45. Accordingly, Ms. Wynne's motion is granted in part - the January 2009 subpoena is quashed.

In anticipation that Plaintiffs will request the same documents in the next subpoena duces tecum, Ms. Wynne asks the Court to limit the requested documents because irrelevant documents are sought and the request is unduly burdensome. Because the Court is limiting Ms. Wynne's disclosure responsibility to that of supplementing Defendants' and Ms. Buckholtz' disclosures with any relevant documents or communications that have not theretofore been disclosed, the subpoena duces tecum's challenged requests[4] are not unduly burdensome. Ms. Wynne is to disclose

---

[4] Defendant Evans only challenged subpoena duces tecum requests 2, 4, 5, 5a, and 7. Therefore, the Court addressed above these fully-

ORDER * 11

1   the supplemental information three (3) weeks after Defendants' ordered

2   disclosures.  If Ms. Wynne withholds a document or communication on the

3   grounds that it is privileged, she must be guided by Rule 26(b)(5).

4   **F.    Conclusion**

5        For the reasons given above, **IT IS HEREBY ORDERED:**

6        1.   Plaintiffs' Motion for Deposit of Trust Funds, to Compel

7   Discovery, Contempt, Supplementation of Initial Disclosures and Related

8   Relief **(Ct. Rec. 172)** is **GRANTED** (Defendants are to produce

9   appropriately-redacted financial records within six (6) weeks of this

10  Order) **AND DENIED** (no Court registry deposit; no sanctions; and no

11  discovery master) **IN PART.**

12       2.   Defendant Evans' Motion for Protective Order **(Ct. Rec. 178)** is

13  **GRANTED AND DENIED IN PART.**   Defendants are to produce the ordered

14  documents and communications within four (4) weeks of this Order.

15       3.   Mary Wynne's Motion to Quash Subpoena Commanding the Appearance

16  for Deposition of Mary T. Wynne Pursuant to Fed. R. Civ. P. 45 **(Ct. Rec.**

17  **182)** is **GRANTED AND DENIED IN PART.**   The January 2009 subpoena duces

18  tecum is quashed.  However, Ms. Wynne is to produce the Court-ordered

19  subsection 2, 4, 5, 5a, and 7 documents and communications - not

20  previously-disclosed by Defendants - within three (3) weeks of

21  Defendants' disclosures.

22

23  ────────────────────────

24  briefed challenged subsections.  Ms. Wynne also objected to subsections

25  1, 3, and 6 in her Motion for Protective Order.  (Ct. Rec.227.)   The

26  Court will consider Ms. Wynne's objections to subsections 1, 3, and 6,

    without oral argument, on March 16, 2009.  (Ct. Rec. 236.)

    ORDER * 12

4.    Ms. Buckholtz's Motion for Protective Order of Non Party Witness on Expedited Hearing **(Ct. Rec. 206)** is **GRANTED** (deposition continued to March 19, 2009) **and DENIED IN PART** (deposition may last up to four (4) hours).

5.    Mary Wynne's Motion to Withdraw **(Ct. Rec. 214)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this ____6^th____ day of March 2009.


                        S/ Edward F. Shea
        _____
                        EDWARD F. SHEA
                United States District Judge

Q:\Civil\2007\0314.feb.09.disc.motions.wpd

ORDER * 13