UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAPATO HERITAGE, LLC, a
Washington Limited Liability
Company; KENNETH EVANS; JOHN
WAYNE JONES; and JAMIE JONES,
individual residents of
Washington State,

          Plaintiffs,

      v.

SANDRA D. EVANS, an
individual, not a resident of
Washington State; and DAN
GARGAN, a citizen of Arizona,

          Defendants.

NO. CV-07-0314-EFS

**ORDER GRANTING AND DENYING IN PART NON-PARTY WITNESS MARY T. WYNNE'S MOTION FOR PROTECTIVE ORDER**

Before the Court, without oral argument, is non-party witness Mary T. Wynne's Motion for Protective Order. (Ct. Rec. 227.) Ms. Wynne asks the Court to limit Plaintiffs' discovery requests by 1) limiting the production of documents, 2) eliminating multiple depositions, 3) requiring compliance with Federal Rule of Civil Procedure 45, 4) requiring payment of Ms. Wynne's discovery costs by Plaintiffs, 5) restricting the disclosure of protected information, and 6) delaying Ms. Wynne's deposition. Plaintiffs oppose the motion. After reviewing the submitted material and relevant authority, as well as the Court's March 6, 2006 Order Granting and Denying in Part Discovery Motions and

ORDER * 1

Granting Ms. Wynne's Motion to Withdraw (Ct. Rec. 246), the Court is fully informed. For the reasons given below, the Court grants and denies in part Ms. Wynne's motion.

**A.   Background**

Ms. Wynne, who represented Defendant Sandra Evans in connection with the drafting and execution of the Settlement and Release Agreement, appeared as counsel for Ms. Evans in this action on September 30, 2008. (Ct. Rec. 158.) Plaintiffs' counsel indicated a desire to depose Ms. Wynne, and began discussions in early January 2009 to establish a date for Ms. Wynne's deposition. Although Ms. Wynne agreed to a deposition in Seattle, Washington, she objected to the January 15, 2009 subpoena duces tecum.

On February 25, 2009, the Court held a hearing to resolve a number of discovery motions and on March 6, 2006, entered an Order memorializing and supplementing its oral rulings. (Ct. Recs. 240 & 246.) As indicated below, the Court's Order addressed many of the issues raised by Ms. Wynne's Motion for Protective Order and also granted Ms. Wynne leave to withdraw as counsel in this action.

**B.   Authority**

Federal Rule of Civil Procedure 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject mater involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Rule 26(b)(1) is interpreted broadly and is premised on the principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is the requesting party's burden to establish that the discovery is relevant. There are, however, limits imposed on this broad discovery right. Rule 26(b)(2)(C) limits discovery if it is unreasonably cumulative or duplicative; is obtainable from another source that is more convenient, less burdensome, or less expensive; if there had been ample opportunity to obtain information by discovery; or the burden outweighs the likely benefit.

**C.    Analysis**

    1.    <u>Subpoena Duces Tecum</u>

The Court's March 6, 2006 Order addressed subpoena duces tecum subsections 2, 4, 5, 5a, and 7. Ms. Wynne objects to the remaining subsections, arguing that they request irrelevant and protected information.

    a.    *Previously-addressed subsections*

Consistent with the Court's earlier Order, the Court finds the following documents and communications are relevant and discoverable to the extent they do not contain protected information:

> <u>Modified subsection 2</u>: Any communications (either written, oral, or electronic) from August 1, 2005, to the present, which relate to the Settlement and Release Agreement and/or MA-10 proceeds involving Defendant Evans, Defendant Gargan, and/or Ms. Wynne. In addition, Defendants shall disclose any communications (either written, oral, or electronic) from August 1, 2005, to the present, which relate to First Phoenix International or any other venture in which Defendant Evans is involved with either Defendant Gargan or Ms. Wynne.

ORDER * 3

<u>Modified subsection 4</u>:  First Phoenix International's articles of incorporation, certificate of formation, bylaws, minutes, resolutions, and business plans from August 1, 2005, to the present.

<u>Modified subsection 5</u>:  Any and all disclosures or waivers required by Washington Rule of Professional Conduct 1.8 as they relate to Ms. Wynne's representation of Sandra D. Evans.

<u>Modified subsection 5a</u>:  All statements of account, checks and/or cancelled checks, and transactional documents relating to the Settlement and Release Agreement and MA-10 proceeds (deposits and transfers).

<u>Modified subsection 7</u>: All documents (written or electronic) and communications (written, oral, or electronic) that relate to the Settlement and Release Agreement or MA-10 proceeds, between August 1, 2005, to the present, by or between Defendant Evans, Defendant Gargan, or Ms. Wynne (or on their behalf) and Wright Wapato, Inc. (or on its behalf).

The Court agrees that Ms. Wynne as a non-party and Ms. Evans' prior counsel in the underlying events does not have the initial responsibility to produce this information and, therefore, places the initial disclosure burden on Defendants. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  However, if Ms. Wynne is in custody or control of previously-undisclosed above-described documents or communications, Ms. Wynne is to produce the document or communication within three (3) weeks of Defendants' disclosures.  If Ms. Wynne asserts a protection or privilege, she must comply with Rule 26(b)(5).

    b.  *Subsection 1*

Subsection 1 seeks the following information:

communications (including electronic documents of any kind or nature whatever) to and from the BIA (both the Colville Agency and Northwest Region), OST (Colville Agency and Northwest Region), the OFTM, the Department of Treasury of the United States, and the Colville Confederated Tribes which in any manner, however attenuated, relate or pertain to Sandra Evans for the period of time from 8/1/05 to present.

ORDER * 4

By limiting this request to the identified communications that relate to or pertain to Sandra Evans *and* (a) the Settlement and Release Agreement or (b) the MA-10 proceeds, the Court finds this modified subsection seeks relevant information and is not overbroad. Again, Ms. Wynne need not produce previously-disclosed communications. If Ms. Wynne asserts that a communication is privileged, she must comply with Rule 26(b)(5).

      c.   *Subsection 3*

Subsection 3 demands the following:

[For the period of time from 8/1/05 to the present], any and all Powers of Attorney (including any and all amendments thereto) employment or retention or retainer agreements, any fee agreements, under which or in connection with which, Sandra Evans has designated you as her Attorney in Fact, or in any manner whatever, however formal or informal, Sandra Evans authorized, requested or ratified you to perform any services of any kind or nature whatever, including without limitation business services (as an agent, employee, partner, joint venture or in any other manner whatever) legal services, personal services, ad hoc services or any other services of any kid or nature whatever.

The Court finds subsection 3 seeks relevant information, but is overbroad. The Court modifies it as follows:

[For the period of time from 8/1/05 to the present], any and all Powers of Attorney (including any and all amendments thereto), employment or retention or retainer agreements, any fee agreements, under which or in connection with which, Sandra Evans has designated you as her Attorney in Fact, or in any manner whatever, however formal or informal, Sandra Evans authorized, requested or ratified you to perform any services in connection with the Settlement and Release Agreement, MA-10 proceeds, First Phoenix International, or any other venture in which Ms. Evans is involved with either Dan Gargan or yourself.

ORDER * 5

Accordingly, Ms. Wynne must produce any modified subsection 3 documents not previously disclosed.  If she asserts a protection, she must comply with Rule 26(b)(5).

> d.    *Subsection 6*

Plaintiffs seek discovery of the following:

> [For the period of time from 8/1/05 to the present], any and all documents of any kind or nature which relate or pertain to any complaint filed with any Bar Association of any state of the United States asserting any form of misconduct by you, in any matter or connection whatever.

The Court finds the requested information is irrelevant to this breach of settlement agreement action, which includes an allegation that Defendant Gargan tortiously interfered with the settlement agreement. Ms. Wynne need not produce the information requested by subsection 6.

> e.    *Summary*

In summary, Ms. Wynne must produce any previously-undisclosed documents or communications requested by the modified subpoena duces tecum three (3) weeks following Defendants' disclosures.[1]  If Ms. Wynne withholds a document or communication on the grounds that it is protected, she must comply with Rule 26(b)(5).

///

---

[1] After Defendants' disclosures, Ms. Wynne will have a clearer idea as to what documents and communications she must produce.  If Ms. Wynne seeks relief from her three-week disclosure timeline, she must file a motion, supported by a declaration setting forth specifically how many pages of documents she believes she must produce and the estimated length of time for production.

ORDER * 6

2.  Depositions

The Court earlier advised all parties that the Federal Rules of Civil Procedure must be complied with and quashed the previously-issued subpoena duces tecum because Plaintiffs failed to comply with Rule 45's geographic and monetary requirements.  If Plaintiffs intend to depose Ms. Wynne, they must provide Ms. Wynne with attendance fees and mileage – either to Chandler, Arizona or Seattle, Washington if Plaintiffs elect to accept Ms. Wynne's offer to be deposed in Seattle.  The deposition is limited to seven (7) hours unless the parties stipulate otherwise or Plaintiffs seek relief from the Court.  Fed. R. Civ. P. 30(d).

3.  Discovery Costs

Rule 45(c)(1) requires the Court to protect persons subject to a subpoena duces tecum from undue burden or expense.  This duty is at its apex where non-parties are subpoenaed.  *United States v. CBS, Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) (noting that non-parties are powerless to control the scope of discovery and should not be forced to subsidize an unreasonable share of litigation costs).  Factors to consider in determining whether reimbursement of a non-party's subpoena compliance expenses is appropriate are: 1) the scope of discovery; 2) the request's invasiveness; 3) the extent to which responsive information was separated from privileged or irrelevant material; 4) the reasonableness of the claimed production costs; and 5) the strength of each party and the non-party's position.  *United States v. CBS, Inc.*, 103 F.R.D. 365, 367-78 (C.D. Cal. 1984) (citing to *CBS*, 666 F.2d at 372 n.9).

///

ORDER * 7

Although the Court is inclined to require the parties to pay for a portion - if not all - of Ms. Wynne's reasonable production costs, the Court declines to make a definitive ruling at this time.  The Court will be in a better position to assess the relevant factors after Ms. Wynne has produced the documents and submitted a motion for production costs with an accompanying declaration setting forth the time and expenses incurred on various tasks, including whether Ms. Wynne ought to have been organizing relevant documents at an earlier time.  The Court will also then assess which parties will pay for Ms. Wynne's reasonable production costs.

4.    Summary

The Court grants and denies in part Ms. Wynne's motion.  Ms. Wynne must produce the above-identified documents within three (3) weeks of Defendants' disclosures.  Plaintiffs may take Ms. Wynne's deposition; however, they must comply with Rules 45 and 30.  The Court will determine what parties are responsible for paying Ms. Wynne's reasonable production costs upon Ms. Wynne's filing of a motion seeking such relief following the production of documents

**D.    Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:**  Mary T. Wynne's Motion for Protective Order **(Ct. Rec. 227)** is **GRANTED AND DENIED IN PART.**

///
///
///
///
///

ORDER * 8

1    **IT IS SO ORDERED.** The District Court Executive is directed to enter

2   this Order and to provide copies to counsel.

3    **DATED** this 17th day of March 2009.

4

5                          S/ Edward F. Shea
                           EDWARD F. SHEA
6                   United States District Judge

7   Q:\Civil\2007\0314.wynne.PO.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER * 9