```
1   Michael A Arch, WSBA #8056              THE HONORABLE EDWARD F. SHEA
    Law Offices of Michael A Arch,                    JULY 15, 2009
2   PLLC                                   3:00 PM (AT PRE-TRIAL CONFERNECE)
    124 N. Wenatchee Ave, Ste A
3   Wenatchee, WA 98801
    (509) 662-9602; Fax: (509) 662-9606
4   mikea@archlawfirm.com
    Attorneys for Plaintiffs
5
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC, a Washington Limited Liability Company; KENNETH EVANS; JOHN WAYNE JONES; AND JAMIE JONES, individual residents of Washington State<br><br>Plaintiffs,<br><br>v.<br><br>SANDRA D. EVANS and DANIEL GARGAN individuals, not residents of Washington State<br><br>Defendants. | Case No. CV-07-00314-EFS<br><br>**PLAINTIFFS' AMENDED MOTION FOR ORDER IN LIMINE**<br><br>WITH ORAL ARGUMENT<br>JULY 15, 2009<br>3:00 PM (At Pre-Trial Conference) |

COME NOW the Plaintiffs by Amended Motion for Order in Limine based on the Court's written Decision dated July 8, 2009 (Docket No. 382) excluding the admission of or reference to the following evidence at trial in this case:

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 1

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

1. Defendants' Ex. No. 524 (a letter dated July 27, 2005, from Mary Wynne to Shelley Buckholtz) for lack of identification as to the notes on page 4 thereof. ER 1002-1003.

2. Mary Pearson's testimony that "to the best of my knowledge, it was the understanding of all of the attorneys involved than an assignment of future trust income would be an encumbrance on the trust assets and, therefore, would require approval by the Secretary of the Interior" (Docket No. 295-5, pg. 2) as speculative, incompetent and irrelevant. ER 104(a), 401-402, 602. Further the data on which the opinion was based was not provided. ER 705.

3. Mary Pearson's testimony that "all of the attorneys assumed that the BIA would require that any such approval would only be given if the request was made on a form used by the BIA for that purpose" (Docket No. 295-5, pg. 2) as speculative and irrelevant. ER 401-402, 602.

4. Mary Pearson's testimony that "I can also say that my attempt to find the correct form was made in good faith" (Docket No. 295-5, pg. 2) as a legal conclusion and irrelevant. ER 401-402.

5. Mary Pearson's testimony that "Deb Rosenbaum represented to me that it was the current form such assignments being used by the BIA at that time" (Docket No. 295-5, pg. 2) as hearsay. ER 801-802.

**PLAINTIFFS' AMENDED MOTION FOR ORDER IN LIMINE PAGE - 2**

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602 Fax (509) 662-9602

6. Mary Pearson's testimony that "had Ms. Buckholtz provided a different form, there would have been no question about using an alternate form" (Docket No. 295-5, pg. 2) as speculative and irrelevant. ER 401-402, 602.

7. Mary Person's testimony that "the correct form being used by the BIA at the time of negotiations was provided" (Docket No. 295-5, pg. 2) as legal conclusion and irrelevant. ER 401-402, 602.

8. Mary Pearson's testimony that "I believe it was her concern that litigation might have to be resorted to in an effort to collect that 35% each of the five years it was proposed to occur and that Wapato Heritage, LLC did not want to have to worry about that" (Docket No. 295-5, pg. 3) as speculative, incompetent and irrelevant. ER 401-402, 602.

9. Mary Pearson's testimony about Bill Evans' testamentary intentions (Docket No. 295-5, pg. 3) as speculative, incompetent and irrelevant. ER 401-402, 602, and is barred by provisions of the Settlement Agreement.

10. Mary Pearson's testimony about a reasonable assumption concerning when the 80%/20% split occurred notwithstanding the legal effective date of the Order approving the Settlement Agreement (Docket No. 295-5, pg. 3) as a legal conclusion, incompetent and irrelevant. ER 401-402, 602 and as contrary to the Order approving the Settlement Agreement which provided the effective date was

**PLAINTIFFS' AMENDED MOTION**
**FOR ORDER IN LIMINE**
**PAGE - 3**

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

January 10, 2006, which order became final and imposes both issue and claim preclusion.

11. Sandra Evans' testimony about verifying the estate IIM account balance with Gene Nicholson (Docket No. 295-6, pg. 2) as hearsay. ER 801-802, and as not being the best evidence, which is the account records, which Evans has failed and refused to produce. ER 1002-1004.

12. Sandra Evans' testimony that both parties understood the Indian Probate Judge's Order provided all monies on and after January 10, 2006 would be hers as speculative, incompetent and a legal conclusion (Docket No. 295-6, pg. 3). ER 104(a), 401-402, 602, 701.

13. Sandra Evans' testimony that Plaintiffs waived any right to ask the Indian Probate Judge to amend an Order (Docket No. 295-6, pg. 3) as legal conclusion, incompetent, irrelevant and without foundation. ER 104(2), 401-402, 602, 701.

14. Sandra Evans' testimony that she has fully complied with the 35% loan provision and relief requested by Plaintiffs is impossible to achieve (Docket No. 295-6, pg. 3) as legal conclusion, incompetent and irrelevant. ER 104(a), 401-402, 602, 701, and as contrary to the requirements of the Settlement Agreement, as properly construed and/or interpreted.

**PLAINTIFFS' AMENDED MOTION**
**FOR ORDER IN LIMINE**
**PAGE - 4**

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

15. Sandra Evans' testimony that "the Settlement Agreement means that if approved by the United States, the assignment of future trust incomes would become fixed and could not be changed by me" (Docket No. 295-6, pg. 3) as legal conclusion, incompetent, irrelevant and without foundation. ER 104(a), 401-402, 602 and 701.

16. Sandra Evans' testimony that the legal implications of the Assignment and OST form differ completely (Docket No. 295-6, pg. 4) as legal conclusion, incompetent, irrelevant, and without foundation. ER 104(a), 401-402, 602 and 701.

17. Sandra Evans' testimony that Jeff Webb knew that approval by the Secretary of the Interior isn't required in order to legally enforce an assignment and agreement to assign future trust income (Docket No. 295-6, pg. 4) as speculative, incompetent, irrelevant, and without foundation. ER 104(a), 401-402, 602 and 701.

18. Sandra Evans' testimony that she has complied with the Settlement Agreement and Plaintiffs should assert their legal remedies against the United States (Docket No. 296-5, pg. 4) as a legal conclusion, incompetent, irrelevant and without foundation. ER 104(a), 401-402, 602 and 701.

19. Sandra Evans' testimony that "the other parties were well aware of the possibility that the federal government could refuse to approve a request assigning

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 5

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

future trust income" (Docket No. 295-6, pg. 5) as speculative, incompetent, irrelevant and without foundation. ER 104(a), 401-402, 602 and 701.

20. Sandra Evans' testimony that that "any objections that should have been made is now untimely and waived since it is brought long after any period allowed to appeal" (Docket No. 295-6, pgs. 5-6) as legal conclusion, incompetent, irrelevant and without foundation. ER 104(a), 401-402, 602 and 701.

21. Sandra Evans' testimony that "the nephews forced my father to sign many documents giving them money and property, including his last Will" (Docket No. 295-6, pg. 7) as speculative, incompetent, irrelevant, without foundation and prejudicial without probative value. ER 104(a), 401-403, 602 and 701. Such a contention is barred by specific provisions of the Settlement Agreement.

22. Sandra Evans' testimony about discussions she had with her counsel (excluding Plaintiffs or any of their counsel) concerning the "roll" the BIA would allegedly play in approving the assignments (Docket No. 295-6, pgs. 7-8 and ¶¶ 11 and 12 entire) as unarticulated subjective intention which is irrelevant. ER 401-402. It is also prevented, because Sandra Evans has not permitted full testimony by her attorney, and has selective claimed the attorney-client privilege, a course of conduce which denies Plaintiffs due process.

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 6

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

23. Defendants' Ex. No. 514 consisting of the Summary of the conference with CTEC on January 22, 2003 as irrelevant. ER 401-402, and not authenticated. ER 901 et seq.

24. Testimony about the individual Plaintiffs' enrollment or lack of enrollment in any tribe as irrelevant and prejudicial without any offsetting probative value. ER 401-403.

25. Testimony of Defendants' expert Robert Duffy that Sandra Evans has not been paid the $75,000 owed under the Settlement Agreement (Docket No. 295-9, pg. 5) is irrelevant for lack of foundation, and incompetent. ER 104(a), 401-403, 602 and 702.

26. Testimony of Defendants' expert Robert Duffy that interest on the loan funds was payable to Sandra Evans rather than to the grandchildren's trust fund is without foundation, incompetent and contrary to the sworn declaration testimony (admission) to the contrary by Ms. Evans. That absence of foundation renders Mr. Duffy's conclusions without foundation and they, too, should not be allowed as not reliable. ER 104(a), 401-402, 602 and 702.

27. Testimony that the assignment identified as Ex. J to the Settlement Agreement is integrated as a legal conclusion, incompetent and irrelevant. ER 104(a), 401-402, 602 and 701.

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 7

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

28. Testimony that Shelley Buckholtz was aware, during telephone conversations with Ms. Wynne while Ms. Wynne was in England, that Sandra Evans was in the room with Ms. Wynne because Ms. Buckholtz could hear Sandra Evans in the background as irrelevant. ER 401-402.

29. Testimony about the belief of Ms. Wynne and Sandra Evans that the BIA might take an active roll in collecting the repayment funds, if necessary, from the LLC's future MA-8 allotment interest payments of which might act as a limited form of security for the loan as unarticulated subjective intention which is irrelevant. ER 104(a), 401-402, 602 and 701.

30. Testimony that once Sandra Evans signed the assignment form there is nothing else she had to do in on-going good faith contractual obligations as an incorrect legal conclusion, incompetent and without foundation. ER 104(a), 401-402, 602 and 701.

31. Testimony that Shelley Buckholtz was in charge of the assignment form as vague and ambiguous, and as contrary to admissions by Ms. Evans' counsel to the contrary. ER 401-403.

32. Any expert testimony proffered by any of the Defendants concerning the meaning, scope and use of the Form OST-01-005 based on the lack of proper

**PLAINTIFFS' AMENDED MOTION**
**FOR ORDER IN LIMINE**
**PAGE** - 8

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

identification and qualification of any such expert in this case, and as incompetent and without foundation. ER 104(a), 602, 701-704.

33. Testimony concerning whether and why accidental death and dismemberment insurance on Sandra Evans was procured by the Wapato Heritage, LLC given Sandra Evans repudiation of the Settlement Agreement, and her retention of funds from which the premiums were to be paid, as irrelevant and confusing the issues, under, among other things the "first to breach" rule, which excuses subsequent performances by the party suffering the breach. ER 104(a), 401-403, 602 and 701-702.

34. Defendants' expert testimony that the premium for a $10 million accidental death and dismemberment policy on Sandra would be $139,500 as inadmissible hearsay, incompetent, irrelevant, confusion to issues, and without foundation. ER 104(a), 401-403, 602 and 701-702.

35. Testimony concerning the Colville Confederated Tribes' April 3, 2008 resolution supporting extinguishment of the MA-8 lease as irrelevant and prejudicial without any offsetting probative value. ER 401-403.

36. Testimony from anyone that "the very concept of the agreement was that Sandra Evans would not be required to do anything further once she executed the

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 9

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602 Fax (509) 662-9602

agreed from of assignment" (Docket No. 136, pg. 3) as legal conclusion. ER 401-402.

**DATED** this 10th day of July, 2009.

                      LAW OFFICE OF MICHAEL A ARCH, PLLC

                      /s/ Michael A Arch
                      Michael A Arch, WSBA # 8056
                      Attorneys for Plaintiffs
                      LAW OFFICES OF MICHAEL A ARCH, PLLC
                      124 N. Wenatchee Ave, Ste A
                      Wenatchee, WA 98801
                      (509) 662-9602 Fax: (509) 662-9606
                      mikea@archlawfirm.com

PLAINTIFFS' AMENDED MOTION
FOR ORDER IN LIMINE
PAGE - 10

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the foregoing document, and the proposed Order referred to therein, to be electronically filed with the Clerk of the above entitled Court using the CM/ECF system, which will send notification of such filing to the following:

Mikkelborg Broz Wells & Fryer    sbuckholtz@mikkelborg.com
Anthony Stephen Broadman    abroadman@williamskastner.com, ltaylor@williamskastner.com
Gabriel S Galanda    ggalanda@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com
Geana Van Dessel    gmv@wkdtlaw.com, lisaj@wkdtlaw.com
Leslie Richard Weatherhead    lwlibertas@aol.com, janetj@wkdtlaw.com, lisaj@wkdtlaw.com
Mary T Wynne    mary_wynne@msn.com, morelikeu3@yahoo.com
Michael A Arch    mikea@archlawfirm.com, tracy@archlawfirm.com
R Bruce Johnston    bruce@rbrucejohnston.com
Scott Boyd Henrie    shenrie@williamskastner.com, abroadman@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com
Shelley M Buckholtz    sbuckholtz@mikkelborg.com
J. Donald Curran    jdcvlc2@msn.com

**DATED** this 10th day of July, 2009.

/s/ Tracy L. Dwyer
Tracy L. Dwyer
Legal Assistant to Michael A. Arch
tracy@archlawfirm.com

**PLAINTIFFS' AMENDED MOTION FOR ORDER IN LIMINE**
**PAGE - 11**

LAW OFFICES OF
MICHAEL A ARCH, PLLC
124 N. Wenatchee Ave, Ste A
Wenatchee, Washington 98801
(509) 662-9602  Fax (509) 662-9602