Case 2:07-cv-00314-EFS    Document 879    Filed 09/27/11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAPATO HERITAGE, LLC, a Washington Limited Liability Company; KENNETH EVANS; JOHN WAYNE JONES; and JAMIE JONES, individual residents of Washington State,<br><br>          Plaintiffs,<br><br>        v.<br><br>SANDRA D. EVANS, an individual not a resident of Washington State,<br><br>          Defendant. | NO. CV-07-314-EFS<br><br>**ORDER MEMORIALIZING AND SUPPLEMENTING THE COURT'S SEPTEMBER 13, 2011 ORAL RULINGS** |

A hearing occurred on September 13, 2011. Plaintiffs Wapato Heritage, LLC, Kenneth Evans, the late John Wayne Jones, and Jamie Jones were represented by Bruce Johnston and Dale Foreman, who appeared by telephone. Charles Steinberg appeared on the behalf of Defendant Evans, who participated by telephone. Also participating in the conference by telephone was attorney Mary Wynne. Before the Court were several motions filed by Plaintiffs: Motion to Strike Ms. Wynne's Third Notice of Appearance and Declaring Ms. Wynne Disqualified from Representing Defendant Evans and to Stay All Proceedings Initiated by Ms. Wynne Purportedly on Behalf of Defendant Evans, ECF No. 837; Motion for Order

ORDER ~ 1

Holding Defendant Evans in Contempt, ECF No. 843; and Motion to Reconsider In Part Order on Exemption, ECF No. 851. After reviewing the submitted material and relevant authority and listening to the hearing participants, the Court was fully informed. This Order supplements and memorializes the Court's oral rulings striking the documents filed by Ms. Wynne on Defendant Evans' behalf, declining to sanction Defendant Evans, and modifying the Court's Receivership Order.

**A.   Ms. Wynne's Status as Counsel**

In February 2011, this Court granted Ms. Wynne's motion to withdraw as counsel, ECF No. 739, given her irreconcilable conflict of interest with her client Defendant Evans because Defendant Evans filed an ineffective-assistance-of-counsel claim against Ms. Wynne in Washington state court, as well as a claim against Ms. Wynne's husband, Dan Gargan, who served, and apparently still serves, as Defendant Evans' financial advisor. ECF No. 759. On March 24, 2011, Mr. Steinberg appeared on Defendant Evans' behalf, ECF No. 753, and has continued to represent Defendant Evans.

Yet, on August 16, 2011, Ms. Wynne filed a Notice of Appearance "for the Defendant/Appellant Sandra D. Evans," ECF No. 826, in order to appeal the Court's appointment of a receiver for Defendant Evans, ECF No. 777 ("Receivership Order"). ECF No. 832.[1] Ms. Wynne filed this document

---

[1] Ms. Wynne also personally filed (on her own behalf) a notice appealing the Receivership Order. ECF Nos. 827 & 829. Ms. Wynne is not prohibited from seeking relief on her own behalf; it is the Ninth Circuit's task to determine the success of Ms. Wynne's personal appeal.

ORDER ~ 2

without discussing an appeal with Mr. Steinberg, and at no time did Mr. Steinberg agree to its filing; in fact, he learned of the appeal after it was filed.

Plaintiffs filed this motion asking the Court to strike these filings and to declare that Ms. Wynne may not appear in this lawsuit. In response, Defendant Evans maintains that 1) Ms. Wynne may appear on Defendant Evans' behalf for appeal purposes and 2) the notice of appeal divested this Court of jurisdiction to address this issue.

First, the Court finds it has jurisdiction to address the instant motion, which pertains to who may appear before this Court. Although a notice of appeal carries jurisdictional significance, the district court is divested of jurisdiction only over those aspects of the case that are involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Ienco*, 126 F.3d 1016, 1018 (7th Cir. 1997) (The goal is to prevent the district court and the appellate court from "stepping on each other's toes."). The issue of who may appear before the Court is an ancillary matter to the appealed Receivership Order; the Court retains jurisdiction to address this motion, as well as the motions for contempt and reconsideration.

Turning to the question of whether it is appropriate for Ms. Wynne to have filed a notice of appearance in this Court, the Court finds it was not appropriate. If Defendant Evans desired to appeal the Receivership Order, her recourse was to have current counsel Mr. Steinberg file the notice of appeal. Ms. Wynne proffers that she did not intend for this document to be filed in this Court but merely provided it to the Court as a courtesy copy of what she filed in the Ninth

Circuit. However, Federal Rule of Appellate Procedure 4(a)(1) clearly states that "the notice of appeal required by Rule 3 must be filed *with the district clerk* within 30 days after the judgment or order appeared from is entered." (emphasis added); *see also* Fed. R. App. Proc. Form 1 (utilizing the district court's case caption, thereby indicating that filing with the district court is required for an effective appeal). Given Ms. Wynne's continued irreconcilable conflict of interest with Defendant Evans and her previous Court-granted motion to withdraw based on this conflict of interest, Ms. Wynne's notice of appearance is stricken. Allowing Ms. Wynne to appear on Defendant Evans' behalf would, without question, raise conflict-of-interest issues under the Washington Rules of Professional Conduct. For these same reasons, as well as the failure to obtain permission from Defendant Evans' current counsel to file the appeal on Defendant Evans' behalf, the notice of appeal filed by Ms. Wynne on Defendant Evans' behalf, ECF Nos. 827 & 832, is stricken.

Accordingly, Plaintiff's Motion to Strike Ms. Wynne's Third Notice of Appearance and Declaring Ms. Wynne Disqualified from Representing Defendant Evans and to Stay All Proceedings Initiated by Ms. Wynne Purportedly on Behalf of Defendant Evans is granted (notices of appearance and appeal are stricken) and denied as moot (because the notice of appeal is stricken, there is no appeal of the Receivership Order by Defendant Evans to stay).

**B.   Plaintiff's Motion for Order Holding Defendant Evans in Contempt**

On August 22, 2011, Defendant Evans, through Mr. Gargan, filed a Notice of Appeal to the Bureau of Indian Affairs (BIA) and Office of Special Trustee (OST) of the Court's August 15, 2011 Order, ECF No. 825,

ORDER ~ 4

which directed OST and BIA to either deposit Defendant Evans' MA-10 monies into the Court's Registry or to directly forward the monies to the Receiver. Plaintiffs ask the Court to find Defendant Evans in contempt for this collateral attack of the Court's August 15, 2011 Order and to sanction Defendant Evans $2,000 per day. Defendant Evans opposes the motion, contending she rightfully exercised her administrative rights relating to restrictions on an Individual Indian Money (IIM account).

At the end of August 2011, the BIA forwarded the most recent MA-10 payment to the Receiver. Accordingly, this motion is largely moot; however, the Court declines to sanction Defendant Evans for her submission to the BIA. Defendant Evans possessed the statutory right to submit a challenge to the BIA, *see* 25 C.F.R. §§ 115.600 - 115.620, although her challenge was unsuccessful largely because this Court's rulings interpreting the Settlement Agreement were affirmed by the Ninth Circuit. Yet, the Court is concerned about whether Defendant Evans continues to be influenced by Ms. Wynne and Mr. Gargan, both of whom have irreconcilable conflicting interests with Defendant Evans given her ongoing claims in state court. The Court declines to address this issue any further at this time.

**D.   Plaintiffs' Motion to Reconsider In Part Order on Exemption**

Plaintiffs ask the Court to modify its August 15, 2011 Order, ECF No. 825, to find that MA-10 monies can be used to satisfy the attorneys-fees judgment, ECF No. 708 (totaling $623,521.50). Defendant Evans opposes the motion. The Court finds reconsideration is appropriate in light of the following paragraph in the Settlement Agreement, which Plaintiffs bring to the Court's attention:

ORDER ~ 5

> In the event of any action or proceeding at law or in equity to interpret or enforce the terms of, or obligations arising out of this Agreement, or to recover damages for the breach hereof, or to compel performance hereunder, the party prevailing in any such proceeding or action, including bankruptcy court proceedings and including any appeals, shall be entitled to recover attorneys' fees and costs incurred by the prevailing party, whether incurred before or after the commencement of such action or proceeding. The attorneys' fees shall include those incurred in bringing such suit and/or enforcing any judgment granted therein, all of which shall be deemed to have accrued upon commencement of such action and shall be paid whether or not such action shall contain a specific provision providing for the recovery of attorneys' fees and costs incurred in enforcing such judgment.

ECF No. 854-1 at 2. Like the other provisions of the Settlement Agreement, this language was agreed to by Defendant Evans and she asked BIA Judge Stancampiano to approve it. After approving the Settlement Agreement, Judge Stancampiano did ask the parties to identify whether BIA approval was needed. Judge Stancampiano made this request to ensure that he had not erred when entering his final probate order approving the Settlement Agreement: at no time was Judge Stancampiano's final probate order set aside.

The Court finds its affirmed rulings relating to the Settlement Agreement are still correct and finds the attorneys-fees provision contained therein was inextricably intertwined with the MA-10 "loan" provision. Accordingly, 28 U.S.C. § 410's "except with the approval and consent of the Secretary of the Interior" language is satisfied and Defendant Evans' IIM monies from the MA-10 payments may be utilized to satisfy the principal of both outstanding judgments, ECF Nos. 625 & 708, i.e., § 410's restriction does not apply to the unpaid $1,191,500.94 ("loan") and the $623,521.50 (attorney's fees and costs), for a total of

ORDER ~ 6

$1,815,022.44. The Court hereby modifies its August 15, 2011 Order, ECF No. 825, as detailed below.

**D.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Strike Ms. Wynne's Third Notice of Appearance and Declaring Ms. Wynne Disqualified from Representing Defendant and to Stay All Proceedings Initiated by Ms. Wynne Purportedly on Behalf of Defendant Evans, **ECF No. 837**, is **GRANTED** (Ms. Wynne's notice of appearance and appeal filed by her on Defendant Evans' behalf are stricken) **and DENIED AS MOOT** (the appeal filed by Ms. Wynne on Defendant Evans' behalf need not be stayed because the notices are stricken) **IN PART**.

2. The Clerk's Office is directed to **STRIKE** the following filings:
   - Ms. Wynne's August 17, 2011 Notice of Appearance, **ECF No. 826**;
   - the August 17, 2011 Notice of Appeal, **ECF Nos. 828 & 832**, which was filed by Ms. Wynne on Defendant Evans' behalf.

3. Plaintiffs' Motion for Order Holding Sandra Evans in Contempt, **ECF No. 843**, is **DENIED.**

4. Plaintiffs' Motion to Reconsider In Part Order on Exemption, **ECF No. 851**, is **GRANTED.** At its discretion, the OST and BIA may either 1) deposit any future MA-10 quarterly payments made to Defendant Evans' IIM account into the Court's Registry or 2) submit them to the receiver (pursuant to his instructions), until an amount equal to $1,815,022.44 has been paid. If OST or BIA elect to deposit these funds into the Court's Registry, the Clerk of Court shall promptly forward these funds

ORDER ~ 7

to the Receiver. The Receiver shall provide OST with updates, at least quarterly, as to what portion of the $1,815,022.44 remains unpaid.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to all counsel, Ms. Wynne, Pamela De Rusha, and the Financial Administrator, and the Ninth Circuit.

**DATED**   27th   day of September 2011.


                              s/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2007\0314.strike.contempt.reconsider.wpd

ORDER ~ 8